```
                  THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PARIS BUSINESS PRODUCTS, INC., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-0260 (JBS) |
| v. | |
| GENISIS TECHNOLOGIES, LLC, ROBERT B. KEICHER, and THOMAS J. CONNORS, | **MEMORANDUM OPINION** |
| Defendants. | |

APPEARANCES:

Edmond Michael George, Esq.
Obermayer, Rebmann, Maxwell & Hippel, LLP
1617 JFK Boulevard
Suite 1900
Philadelphia, PA 19103
     Attorney for Plaintiff Paris Business Products

Mr. Robert B. Keicher
18 Old Ox Road
Bethel Park, PA 15102
     Defendant pro se

Thomas J. Connors
2031 Arnold Acres Drive
Pittsburgh, PA 15205
     Defendant pro se

**SIMANDLE**, District Judge:

     This matter is before the Court on the motion of Plaintiff Paris Business Products, Inc. ("Paris") for an order imposing sanctions on Defendants for the spoilation of evidence [Docket Item 49]. THIS COURT FINDS AS FOLLOWS:

     1. Plaintiff filed the instant action against Defendants Genisis Technologies, LLC ("Genisis"), Robert B. Keicher

("Keicher"), and Thomas J. Connors ("Connors") alleging that Keicher and Connors fraudulently obtained products from Paris without payment by using Genisis, alleged to be a "shell entity with no assets of value," as an instrumentality to perpetrate the fraud. (Compl. ¶ 18.) Specifically, Plaintiff alleges that Defendants made false representations to Plaintiff about Genisis's solvency, and that, based upon these misrepresentations, Plaintiff extended credit to Genisis in the amount of $82,295.65 and delivered various goods to Genisis in accordance with the parties' contractual agreement. (Compl. ¶¶ 21-22, 28.) According to Paris, Genisis failed to make payments on any of the invoices it received from Paris and ceased business operations after Paris delivered the goods. (Id. at ¶ 30.) Plaintiff brought this action against the defendants, alleging fraud, breach of contract, and unjust enrichment, and arguing that Keicher and Connors (the "Individual Defendants") should be held personally liable for Genisis's obligations. (Id. at ¶¶ 36, 47, 53, 67.)

    2.  On April 25, 2007, this Court issued an Order (the "April 25 Order") finding that a "level of concern" existed regarding the continued existence and maintenance of Genisis's business records in the absence of an order directing the Individual Defendants to preserve the evidence in question [Docket Item 33]. Accordingly, the April 25 Order directed the

Individual Defendants to maintain all of Genisis's paper and electronic business records, and notified the Individual Defendants that if they violated the order by causing or permitting the spoilation of the records, the Court could impose sanctions, including an adverse inference or the preclusion of evidence [Id.].

3. On May 23, 2007, Plaintiff filed the instant motion for sanctions against Defendants [Docket Item 49]. Plaintiff alleges that Defendants' representations to this Court at the hearing preceding the April 25 Order that Genisis's business records were in a building located at 1600 Smallman Street in Pittsburgh, Pennsylvania were false, and that the Smallman Street property is merely a "front" for Genisis's fraudulent activities. (Pl.'s Br. 5.) According to Plaintiff, Keicher informed Plaintiff's counsel that "Connors had personally 'blanked' the memories and had erased all of the information from [Genisis's] computers." (Id. at 6.) With its motion, Plaintiff submitted a photograph of the screen of a Genisis computer that, according to Plaintiff "clearly indicates that the disk has been reformatted." (Id.; Pl.'s Br. Ex. D.) Plaintiff also submitted a photograph that appears to show that the hard drives of other Genisis computers have been removed. (Pl.'s Br. Ex. E.) Plaintiff argues that at the time when the Court issued the April 25 Order, the Individual Defendants misrepresented to the Court their capacity to access

3

the Smallman Street property and failed to inform the Court that they had already destroyed the evidence underlying that Order by erasing computer hard drives.  (Pl.'s Br. 8.)

    4.  In a letter sent by Plaintiff to this Court dated August 7, 2007, Plaintiff informed the Court that all bankruptcy actions against the Individual Defendants in the Bankruptcy Court for the Western District of Pennsylvania had been dismissed, and that, as such, no automatic stay prevented this Court from deciding Plaintiff's motion for sanctions.  In its September 27, 2007 letter, the Court agreed with Plaintiff that it could decide Plaintiff's motion and directed Defendants to file any opposition to the motion by October 21, 2007 [Docket Item 51].

    5.  On October 22, 2007, after the deadline to file opposition to Plaintiff's motion had passed, the Court received, via facimile, a letter from John W. Gibson stating that he represents Connors in his bankruptcy action and formerly represented Keicher in his bankruptcy case.  Mr. Gibson's letter states that Connors has filed a petition to reopen his bankruptcy case and speculates that Keicher intends to do the same with another attorney.  The letter does not represent that either bankruptcy action has in fact been reopened.  The Court accordingly finds that it is free to decide Plaintiff's motion for sanctions.  Neither Mr. Gibson nor either of the Individual Defendants have opposed the substance of Plaintiff's motion,

despite the Court's provision of ample time for the parties to do so.

6. Spoilation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably [foreseeable] litigation." Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd., 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (citation omitted). Federal district courts have the inherent power to impose sanctions on parties, including the imposition of spoilation sanctions. See Scott v. IBM Corp., 196 F.R.D. 233, 248 (D.N.J. 2000) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)). Although in certain cases the court may impose spoilation sanctions as serious as the "dismissal of a claim or granting judgment in favor of a prejudiced party . . . [or the] suppression of evidence," Mosaid, 348 F. Supp. 2d at 335 (footnote omitted), the Court of Appeals for the Third Circuit has cautioned that the imposition of such "drastic" sanctions is only warranted once the court evaluates "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d

76, 79 (3d Cir. 1994).

7. A less drastic spoilation sanction that a court can impose is the "spoilation inference," which is a "a jury instruction permit[ting] an inference . . . that the destroyed evidence might or would have been unfavorable to the position of the offending party." Scott, 196 F.R.D. at 248. Four requirements must be met in order for the Court to impose a spoilation inference:

> First, it is essential that the evidence in question be within the party's control. Second, it must appear that there has been actual suppression or withholding of the evidence. Third, the evidence destroyed or withheld was relevant to claims or defenses. And fourth, it was reasonably foreseeable that the evidence would later be discoverable.

Mosaid, 348 F. Supp. 2d at 336 (internal quotations and citations omitted).

8. For the following reasons, the Court will grant Plaintiff's motion for sanctions by imposing a spoilation inference that the destroyed records would have been unfavorable to the Individual Defendants in contesting the claims against them. The requirements for imposing a spoilation inference are met in this case. First, the Court finds that the missing records were within the Individual Defendants' control. Id. As the Court noted in the April 25 Order, the Individual Defendants represented to the Court that Genisis's business records were located at the property of Keicher Brothers, Inc. [Docket Item

33]. Plaintiffs have submitted photographic evidence that Genisis's computers were located at the Keicher Brothers property (although the contents of the computers' hard drives, and in some cases the hard drives themselves, have apparently disappeared). (Pl.'s Br. Exs. D, E.)  In light of this evidence, and of the Individual Defendants' failure to rebut the indicia such evidence provides of the defendants' control over the evidence in question, the Court finds that the Individual Defendants were in control of the now-missing evidence.

9.   Second, there is sufficient evidence to show that the Individual Defendants destroyed or have withheld the evidence in question, in violation of the April 25 Order.  With its motion, Plaintiff submitted photographs of Genisis's computers showing that the hard drive from one computer had been tampered with and showing that the hard drives for other computers were missing altogether.  (Id.)  While Plaintiff has accused the Individual Defendants themselves of having personally destroyed the evidence in question, the Court need not have evidence of a party's specific intent to destroy evidence to order the imposition of a spoilation inference, as "negligent destruction of relevant evidence can be sufficient to give rise to the spoliation inference."  Mosaid, 348 F. Supp. 2d at 338.  "If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by

7

failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence." Id. (citing Schmid, 13 F.3d at 78); see also Scott, 196 F.R.D. at 248-49.  Because the Individual Defendants were unquestionably put on notice regarding the relevance of the evidence by the Court's April 25 Order, and because the record in this case indicates that the evidence in question has disappeared while under the defendants' control, the Court finds Plaintiff has met its burden to show that there has been "actual suppression or withholding of the evidence."  Mosaid, 348 F. Supp. 2d at 336 (internal quotations and citations omitted).

    10.  There can be no doubt that the third and fourth requirements for the imposition of a spoilation inference - that the evidence is relevant to a claim or defense and that it was reasonably foreseeable that the evidence would be discoverable - are met here.  Id.  The financial history of Genisis, including its solvency at the time of the Paris-Genisis transaction, is a critical issue for Plaintiff's fraud claim and its argument that the Court should pierce the corporate veil on the grounds that Genisis was an undercaptialized shell used to perpetrate the fraud that Plaintiff alleges.  At least since the filing of the Complaint in this case on January 16, 2007, the Individual Defendants were on notice that evidence of Genisis's financial history and its solvency was relevant to the allegations in this

case, and, as such, it has long been foreseeable that the evidence in question would be discoverable.  Moreover, the relevance and foreseeability of discovery of Genisis's records were highlighted in the Court's April 25 Order.  The Court accordingly finds that the relevance and foreseeability of discovery of the evidence in question were readily apparent.

    11.  In view of the requirement that a court not suppress evidence as a spoilation sanction where "there is a lesser sanction that will avoid substantial unfairness to the opposing party," Schmid, 13 F.3d at 79, the Court finds that it is unnecessary to preclude the Individual Defendants from "attempting to explain other than by the business records of the company any transactions between them and Genisis" and from contesting "the insolvency of Genisis at the time of the order from Paris."  (Pl.'s Br. 9.)  Although Plaintiff alleges in its brief that Keicher admitted that Connors "blanked" Genisis's computer, there is no evidence of this admission in the record before the Court.  (Id. at 6.)  Without more direct evidence of fault, and in view of the sufficiency of the spoilation inference to "restore the accuracy of the trial [and] compensate innocent victims," Schmid, 13 F.3d at 79 (citation omitted), the Court

will not suppress the evidence requested by Plaintiff.  An appropriate order shall be entered.


**October 24, 2007**                    **s/ Jerome B. Simandle**
Date                                    Jerome B. Simandle
                                        U.S. District Judge